NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES H. JOHNSON,**
*Petitioner*

**v.**

**DEPARTMENT OF COMMERCE,**
*Respondent*

---

2023-1889

---

Petition for review of the Merit Systems Protection Board in Nos. CH-3443-13-1466-B-2, CH-4324-13-0112-B-2.

---

Decided: January 16, 2024

---

CHARLES H. JOHNSON, Detroit, MI, pro se.

DELISA SANCHEZ, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, PROST and TARANTO, *Circuit Judges*.

PER CURIAM.

Charles H. Johnson appeals from a Final Order of the Merit Systems Protection Board (Board) denying his petition for review and affirming the denial of his request for corrective action. For the reasons discussed below, we *affirm*.

## BACKGROUND

Mr. Johnson is a preference eligible veteran who served over 16 years in the Air Force. Appx. 50.[1] Between 1998 and 2010, Mr. Johnson held various temporary appointments within the Department of Commerce. In 2012 and 2013, Mr. Johnson filed appeals with the Board challenging the termination of his employment with Commerce and alleging discrimination under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) (codified as amended in 38 U.S.C. §§ 4301–4335). Appx. 12, 23. The Board dismissed the portions of the appeals challenging Mr. Johnson's termination for lack of jurisdiction because Mr. Johnson was not a covered employee pursuant to 5 U.S.C. § 7511. Appx. 14–15, 24. The Board dismissed the USERRA portion of the appeals for lack of jurisdiction because Mr. Johnson did not allege his military service was a substantial or motivating factor in his termination. Appx. 15–16.

On petition for review, the full Board joined the cases and affirmed the decisions regarding lack of jurisdiction over the termination challenges. Appx. 33. The Board remanded for the administrative judge to provide Mr. Johnson notice of his jurisdictional burdens and for a hearing

---

[1] "Appx." refers to the appendix filed with Respondent's Corrected Informal Brief.

on the merits of his USERRA claim. Appx. 38. On remand, the administrative judge notified Mr. Johnson of his jurisdictional burden under USERRA. Appx. 76–90.

Mr. Johnson filed a motion arguing that Commerce's failure to provide him notice of his rights to appeal under the Demonstration Projects created by the Veterans Benefits Improvement Act of 2004 and extended by the Veterans' Benefit Act of 2010 (2004/2010 Demonstration Projects) established Board jurisdiction. Order on Appellant's Motion for Jurisdiction and Closing the Record at 1, *Johnson v. Dept. of Commerce*, No. CH-4324-13-0112-B-2 (M.S.P.B. July 15, 2016) (July 16 Order). The administrative judge denied the motion because the 2004/2010 Demonstration Projects do not create additional USERRA jurisdiction. *Id.* at 2. The Board's subsequent Initial Decision denied Mr. Johnson's claim for corrective action under USERRA. Appx. 54–55. In its Final Decision, the Board denied Mr. Johnson's petition for review and affirmed the Board's Initial Decision. Appx. 64. Mr. Johnson appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

In reviewing a final decision of the Board, we must "hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board lacks jurisdiction is a question of law we review de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). The Board must provide notice to an appellant of his burden to demonstrate jurisdiction (*Burgess* notice). *Burgess v. Merit Sys. Prot. Bd.*, 758 F.2d 641, 643–44 (Fed. Cir. 1985).

Mr. Johnson argues the Board erred in dismissing his USERRA claim related to the 2004/2010 Demonstration

Projects. Appellant Brief at 9–10. Mr. Johnson asserts the Board failed to provide *Burgess* notice of the jurisdictional requirements for USERRA claims brought under the 2004/2010 Demonstration Projects. *Id.* at 6; *see also* Reply Brief at 8.

The Board properly rejected Mr. Johnson's jurisdictional argument in its July 2016 Order. July 16 Order at 2. The 2004/2010 Demonstration Projects allowed a subset of USERRA complaints filed during a specific time period to be investigated by the Office of Special Counsel. Veterans Benefits Improvement Act of 2004, Pub. L. No. 108–454, § 204, 118 Stat. 3598, 3606 (2004); Veterans' Benefits Act of 2010, Pub. L. No. 111–275, § 105, 124 Stat. 2864, 2868 (2010). The 2004/2010 Demonstration Projects did not provide any additional basis for Board jurisdiction. *See* Appx. 52. The Board was therefore not required to provide a separate *Burgess* notice for how to establish jurisdiction. Because the Board's original *Burgess* notice for Mr. Johnson's USERRA claim was sufficient, we affirm. Appx. 77–82.

### CONCLUSION

We have considered Mr. Johnson's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

### **AFFIRMED**

### COSTS

No costs.